# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| WILBUR ROBINSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:18-CV-98-JEM |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Wilbur Robinson on December 20, 2018, and Plaintiff's Opening Brief [DE 19], filed July 6, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 23, 2019, the Commissioner filed a response, and on August 30, 2019, Plaintiff filed a reply.

## I.     Background

On February 12, 2016, Plaintiff filed applications for benefits alleging that he became disabled on November 17, 2015. Plaintiff's applications were denied initially and upon reconsideration. On January 4, 2019, Administrative Law Judge ("ALJ") Shane McGovern held a video hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On February 27, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1.     The claimant meets the insured status requirements of the Social Security Act through September 30, 2021.

2. The claimant has not engaged in substantial gainful activity since November 17, 2015, the alleged onset date.

3. The claimant has the following severe impairments: obesity, history of lumbar laminectomy with facet arthritis at L4-5, and bony fragment in the right shoulder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform sedentary work except that he can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, and crouch but never crawl. He must avoid exposure to moving mechanical parts, excessive vibration, and unprotected heights. The claimant must be able to use a cane to travel to and from the workstation.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 17, 2015, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the reviewing court to trace the path of their reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in evaluating the opinion of Plaintiff's treating physician and applied a legally insufficient analysis of Plaintiff's subjective symptoms. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff argues that the ALJ erred analyzing the opinions of his treating physician. Plaintiff's treating neurologist and pain specialist completed a medical source statement indicating that Plaintiff was limited to less than two hours of sitting or standing/walking in an eight-hour workday and needs to take rest breaks of about fifteen minutes every hour because of muscle weakness and pain. He also opined that Plaintiff must use a cane for imbalance, pain, and weakness. He stated that Plaintiff is likely to be off task for 25% or more of the day and is incapable of even low stress work.

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski*

*v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). "[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ stated that he gave "little weight" to the treating neurologist's opinions. Although the ALJ described portions of Plaintiff's treatment history with the doctor earlier in the opinion, he did not mention the length of the relationship or the physician's specialty or explain how the treatment history influenced the weight given to the medical source statement. The ALJ emphasized that "a finding of disability is reserved to the Commissioner pursuant to the Regulations," which, while true, is not a reason to disregard a physician statement. *See, e.g. Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96-5p, 1996 SSR LEXIS 2 at *15, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."). The ALJ explained that the treating physician's conclusions about Plaintiff's limitations

5

are "inconsistent with the record" since "[Plaintiff] has received only conservative care" and "noted some improvement from it." However, the ALJ did not identify what other types of treatment might be appropriate, and "[s]imply because one is characterized as 'stable' or 'improving' does not necessarily mean that []he is capable of doing light work." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (as amended Aug. 20, 2014). In addition, the ALJ did not identify any medical source of any kind whose opinion on Plaintiff's limitations was given more than "some" weight. The only other medical opinion described by the ALJ was that of the non-examining state agency consultants, but the ALJ determined that Plaintiff was more limited than they described. The Court is left unable to ascertain the medical evidence that formed the basis of the Plaintiff's RFC.

The Seventh Circuit Court of Appeals has made clear that "ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno v. Berryhill*, 882 F.3d 722, 729 (7th Cir. 2018) (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016)) (remanding because the ALJ improperly "played doctor"). In this case, the ALJ failed to properly weigh the treating source statement that was analyzed or to identify any medical source opinion entitled to weight. At the very least, the ALJ appears to be misunderstanding or mischaracterizing the evidence in the record in support of his conclusion, or even substituting his own medical conclusions for the evidence in the record, both of which the Seventh Circuit Court of Appeals has repeatedly warned against. *See Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) ("An ALJ cannot rely only on the evidence that supports her opinion.") (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant

medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion").

Plaintiff argues that the ALJ also erred in failing to incorporate the limitations given by the treating physician. In particular, Plaintiff's treating neurologist opined that Plaintiff needed to use a cane for balance, but the ALJ found that Plaintiff would only need to use a cane at work for walking to and from the workstation, without explanation. In this case, the ALJ did not identify any treating or examining source to whom he gave more than "some" weight, despite the general requirement to give more weight to treating and examining sources, particularly where there is a long treatment relationship by someone with expertise in that area of treatment. The Court is left without a "logical bridge" between the evidence to which the ALJ gave great weight and his conclusion, in which he apparently ignored that evidence. *O'Connor-Spinner*, 627 F.3d at 618 ("[ALJ] must provide a 'logical bridge' between the evidence and his conclusions."). The ALJ erred in his analysis of Plaintiff's treating physician and failed to draw a logical bridge from the evidence to his conclusions, errors that must be corrected on remand. *See Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion.").

Plaintiff also argues that the ALJ erred in his assessments of Plaintiff's allegations of the effects of his symptoms. When determining a claimant's subjective symptoms, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect their daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). A finding of disability cannot be supported by subjective allegations of disabling

symptoms alone. *Id.* Instead, the ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the factors listed in 20 C.F.R. § 416.929(c)(3). The ALJ is not permitted to

> make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.' It is also not enough for [ALJs] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms.

SSR 16-3p, 2016 SSR LEXIS 4, *26, 2017 WL 5180304 at *9 (emphasis added). On remand, the ALJ is reminded of the need to provide specific reasons for the weight given Plaintiff's individual symptoms in accordance with SSR 16-3p. *See Clifford*, 227 F.3d at 872 (remanding where "the ALJ stated, in a conclusory manner, that [Plaintiff's] testimony regarding the limitations placed on her daily activities was unsupported by the medical evidence").

Plaintiff requests reversal with remand for an award of benefits. An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. *Briscoe*, 425 F.3d at 356. In this case, the ALJ erred in weighing the medical opinions in the record and failed to draw a logical bridge between the evidence and his conclusions, but the actual RFC has not been determined, nor if there would be work for an individual with that RFC. Although the ALJ's analysis was inadequate, remand for benefits is not appropriate on this record. *See Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011). On remand, the ALJ is directed to thoroughly address the medical evidence in the record, including properly weighing the reports of medical professionals and thoroughly analyzing Plaintiff's symptoms, in accordance with the regulations and to obtain additional information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical

support is not readily discernable.").

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 18th day of February, 2020.

s/ John E. Martin _____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record